THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GLORIA ESTHER RIVERA SANTIAGO, Defendant and Appellant.

No. CR-67-173.        Decided December 14, 1967.

*Rafael G. Vidal Roig* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Lolita Miranda, Assistant Solicitor General,* for The People.

PER CURIAM: The prosecuting attorney filed an information against Gloria Esther Rivera Santiago and Sonia Ivette González Santiago for the offense of Grand Larceny, charging them that on or about March 8, 1966, in Río Plantation

---

Ward of Bayamón, Puerto Rico, acting in mutual agreement, they took from José Ortiz López' trousers the sum of $1,940 in currency of the United States of America, depriving him permanently of said money.

On November 3, 1966, the hearing of the case was held by the court without a jury, after the defendants wilfully, intelligently, and personally waived their right to be tried by jury. After the evidence for the prosecution and for the defense was presented the trial court acquitted codefendant, Sonia Ivette González Santiago, and found Gloria Esther Rivera Santiago guilty of the offense charged against her. She was sentenced to serve from one to four years in the penitentiary at hard labor.

Feeling aggrieved by the judgment rendered, the defendant appealed to this Court assigning the commission of the following error:

"The trial court committed manifest error in weighing the evidence in finding appellant guilty when it did not establish the guilt and the commission of the offense beyond a reasonable doubt."

■. The evidence for the prosecution established that on March 8, 1966, José Ortiz López went to Río Plantation, Hato Tejas, Bayamón, to buy a lot and for those purposes he carried $1,950 in cash. He entered into the Colmado La Maravilla to have a drink of juice. Back of the business there were some girls and he talked to one named Sonia Ivette González and they agreed to be together. They went to a house located thereby and he gave $10 to a paralytic woman who was there, for the girl and the room.

Sonia Ivette talked for some minutes with another girl named Gloria Esther Rivera Santiago. Ortiz López went with Sonia Ivette into a dark room where they had sexual relations. When he finished he noticed a clearness and saw through the window that Gloria Esther was taking his trousers. He went outside and found his billfold empty under the

window. He went after the girl and found her talking with Manolín, manager of the bar. Ortiz López told Manolín that Gloria had stolen $1,940 from him but the latter said that he knew nothing about that and went away in his car.

The other witness for the prosecution, Fundador Acosta Ruiz testified that on March 8, 1966, he went to Hato Tejas Ward to look for a man to buy some grama grass. He entered in a business establishment which is by the side of the Bar La Maravilla to buy cigarettes and to have a soft drink. A few minutes later Gloria Esther Rivera came in and delivered a pack of money to Manolín. That the victim went out and told Manolín that Gloria Esther had stolen $1,940 from him but he answered that he did not want to know anything and went away in his car.

In the analysis of the evidence made by the trial judge he concluded that defendant's guilt was clearly established. He gave no credit to Rosa Castro Carrasquillo's testimony because he believed that it was a last-minute version.

After examining carefully the stenographic transcript we believe that the trial judge did not err in weighing the evidence as he did. The testimony of Mrs. Castro Carrasquillo—the only witness presented by the defense to give her version of the facts—contradicts in substantial aspects the version offered by her before the prosecuting attorney the day of the commission of the offense.

■ As it was said in *People* v. *Martínez*, judgment of June 16, 1966:

"This is not a case in which the trier weighed the evidence erroneously, or has unjustifiedly discarded important probative elements or has based his criterion on worthless, or inherently improbable or incredible testimony only. *Cf. People* v. *Luciano*, 83 P.R.R. 551; *People* v. *Serrano*, decided January 31, 1966."

"There is nothing in the record to justify our disturbing on appeal the weighing of the evidence made by the trial

judge." *Rodríguez Muñoz* v. *Delgado, Warden,* 94 P.R.R. 191 (1967), and cases cited therein.

The judgment appealed from will be affirmed.

Mr. Justice Belaval did not participate herein.